NUMBER 13-99-746-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


COLONIAL CASUALTY 

INSURANCE COMPANY , Appellant,

v.


OSLER G. GARCIA , Appellee.

__________________________________________________________________


On appeal from the 319th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Castillo, and Kennedy

Opinion by Justice Dorsey


Colonial Casualty Co. (Colonial) appeals from a judgment, following a bench trial, which found that the injured employee,
Osler G. Garcia, had sustained a compensable injury to his cervical spine and that the correct impairment rating for this
injury was seventeen percent as assigned by the designated doctor, Dr. Rodney Simonsen. The question raised on appeal is
whether both of these declarations are against the great weight and preponderance of the evidence. We affirm.

Osler Garcia worked as a welder/fitter for Industrial Fabricators. On November 26, 1996, he sustained an on-the-job injury
when he hurt his neck and back while turning a cylinder. He had pain every time he moved his neck, and he could not
move his head up or down.

Garcia filed a workers' compensation claim with the Texas Workers' Compensation Commission (TWCC). A dispute arose
over which of two impairment ratings given to Garcia by two different doctors was accurate. A contested case hearing was
held wherein the hearing officer found that Garcia's impairment rating was seventeen percent as found by the designated
doctor. Colonial, the employer's insurance carrier, appealed the decision to the TWCC Appeals Panel, which affirmed the
decision. Colonial then sought judicial review in the 319th District Court of Nueces County, seeking a reversal of the
decision on the bases that (1) Garcia did not sustain a compensable injury to his cervical spine and was not entitled to an
impairment rating for the cervical spine, and (2) Garcia did not have an impairment rating of seventeen percent. After a
bench trial the trial court signed a final judgment, indicating that Garcia had sustained a compensable injury to the cervical
spine, and the correct impairment rating for the compensable injury was seventeen percent. Colonial appeals from this
judgment.

Analysis

By two issues Colonial asserts that the trial court's findings that Garcia sustained a compensable injury to his cervical spine
and that the impairment rating for Garcia's compensable injury is seventeen percent are against the great weight and
preponderance of the evidence and manifestly unjust. (1) In reviewing a challenge that a finding is against the great weight
and preponderance of the evidence we must apply the well-established test set out in Pool v. Ford Motor Co., 715 S.W.2d
629 (Tex. 1986); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Dyson v. Olin Corp., 692 S.W.2d 456, 457 (Tex. 1985);
In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); and Calvert, No Evidence and Insufficient Evidence Points of Error,
38 Texas L. Rev. 361 (1961).

Colonial's chief witness at trial was Don Abrams, a physician's assistant trained in the assessment of impairment ratings
using the AMA Guides. (2) He reviewed Garcia's medical records and based his opinions on those records. He did not
examine Garcia. He considered Garcia's injury a "soft tissue myofacial lumbar sprain/strain situation." He disagreed with
Dr. Simonsen's seventeen-percent impairment rating for two main reasons. First, he said that Dr. Simonsen included the
cervical spine, which, as per the medical records, was not part of the compensable injury. Also, he said that Dr. Simonsen's
use of Table 49 of the AMA Guides in calculating Garcia's impairment rating was inappropriate. Because we find
sufficient, credible evidence in the record refuting Abram's analysis, we overrule both Colonial's issues on appeal.

First, Colonial argues that the finding of a cervical injury was against the great weight and preponderance of the evidence. 
We disagree. An opinion letter written by Dr. Simonsen was introduced into evidence which addressed this precise issue. 
Dr. Simonsen stated in that letter that it was clear to him from his and other records that Garcia's injuries included injury to
the cervical spine. Dr. Simonsen noted that although cervical injury was not mentioned in Dr. Harman's initial report, it
was included in a recheck sheet dated less than ten days after the date of the initial report. Dr. Simonsen also stated that
when he examined Garcia over six months after the injury, Garcia clearly had an active and presumably discogenic lesion
in his neck based on objective clinical findings. Accordingly, Dr. Simonsen included an impairment rating for cervical
injury in his assessment. We hold this evidence is sufficient to support the district court's affirmance of the commission
impairment findings. We overrule appellant's first issue.

Next Colonial contends that the overall impairment rating given by Dr. Simonsen was inaccurate because Dr. Simonsen
used the impairment figures from Table 49 of the AMA Guides, and Garcia did not meet the requirements for calculating
impairment under that Table. Essentially Colonial argues that Dr. Simonsen should not have used that table for rating
Garcia's impairment because less than six months had elapsed at the time he reached maximum medical improvement
(MMI). Garcia was injured on November 26, 1996. According to Dr. Harman, the first doctor he saw after his injury, he
reached MMI on February 7, 1997. He was evaluated by Dr. Simonsen on June 11, 1997.

Again this precise question was answered in a report written by Dr. Simonsen which was entered into evidence at the
district court. In that report Dr. Simonsen maintains that because Garcia was still experiencing pain at the time he
examined Garcia, which was over six months after the date of the injury, Simonsen's use of Table 49 was appropriate. He
stated that the mechanical exam he used was an objective structural test that was positive for pain in the cervical area six
months after the injury. He also noted that because Garcia still had active lesions in both the cervical and lumbar areas in
June of 1997, "perhaps he had not really reached MMI" in February, as was previously noted. We hold this evidence is
sufficient to support the district court's affirmance of the appeals panel decision. We overrule both issues.

We AFFIRM the trial court's judgment.

______________________________

J. BONNER DORSEY,

Justice

Do not publish.

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 31st day of August, 2001.

1. Garcia did not file a brief in this case.

2. The Texas Workers' Compensation Act provides for the use of the American Medical Association's Guides to the
Evaluation of Permanent Impairment (the AMA Guides) for determining injured workers' impairment ratings. 
Texas Boll Weevil Found., Inc. v. Lewellen, 952 S.W.2d 454, 493 (Tex. 1997).